```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MARIO F. LOPEZ III,

                          Plaintiff,          05-CV-0750

          v.                                  DECISION
                                              and ORDER
MICHAEL J. ASTRUE¹, Commissioner
of Social Security

                          Defendant.
_____
```

## INTRODUCTION

Plaintiff Mario F. Lopez III ("Plaintiff") brings this action pursuant to the Social Security Act § 216(i) and § 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his applications for Disability Insurance Benefits and Supplemental Security Income Benefits.[2] Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") Larry K. Banks denying his application for benefits was against the weight of substantial evidence contained in the record and contrary to applicable legal standards.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)("Rule 12(c)"), on grounds that the ALJ's

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for his predecessor Commissioner JoAnne B. Barnhart as the proper defendant in this suit.

[2] This case was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated July 13, 2007.

decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, on grounds that the Commissioner's decision was erroneous. The Court finds that the decision of the Commissioner for the reasons set forth below, is supported by substantial evidence, and is in accordance with applicable law and therefore the Commissioner's motion for judgment on the pleadings is hereby granted.

## BACKGROUND

On June 18, 2003, Plaintiff, at that time 31 years-old, filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits under title II, § 216(i) and § 223 of the Social Security Act ("the Act") claiming a disability since January 12, 2003, due to uncontrollable diabetes.[3] Plaintiff's applications were denied by the Social Security Administration ("the administration") initially on July 29, 2003. Plaintiff filed a timely request for hearing on September 5, 2003.

Thereafter, Plaintiff with counsel, testified at a video teleconference hearing before ALJ Larry K. Banks on March 1, 2005. In a decision dated April 14, 2005, the ALJ determined that the Plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review on August 26, 2005.

---

[3] The Court notes that there is an inconsistency as to when Plaintiff filed his application for Benefits. The record dates the application as June 18, 2003 whereas the ALJ dates the application as May 23, 2003.

On October 20, 2005, Plaintiff filed this action.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the

pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II. **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ in his decision found that Plaintiff was not disabled within the meaning of the Social Security Act. In doing so, the ALJ adhered to the Social Security Administration's 5-Step sequential evaluation analysis for evaluating appointments for disability benefits. See 20 C.F.R. § 404.1520.[4] Under Step 1 of the process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. (Transcript of Administrative Proceedings at pages 14, 20) (hereinafter "T."). At Steps 2 and 3, the ALJ concluded that Plaintiff's impairments, such as, diabetes with retinopathy bilaterally, status post lens

---

[4] Five-step analysis includes: (1) ALJ considers whether claimant is currently engaged in substantial gainful activity; (2) if not, ALJ considers whether claimant has severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if claimant suffers such impairment, third inquiry is whether, based solely on medical evidence, claimant has impairment which is listed in regulations Appendix 1, and if so, claimant will be considered disabled without considering vocational factors; (4) if claimant does not have listed impairment, fourth inquiry is whether, despite claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if claimant is unable to perform past work, ALJ determines whether claimant could perform other work. See id.

implant, hypertension, diabetic nephropathy at Stage IV, were severe within the meaning of the Regulations but were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (T. at 17, 20).

Further, at Steps 4 and 5, the ALJ concluded that Plaintiff retained the residual functioning capacity to perform less than the full range of light level work. (T. at 17, 21). Plaintiff's residual functioning capacity to perform the full range of light level work was diminished, because he was to avoid climbing ropes/ladders/scaffolds, but could perform other postural movements such as stooping or bending on an occasional basis. (T. at 17, 21). Additionally, the ALJ found that Plaintiff needed to avoid working around dangerous machinery (including driving automobiles), unprotected heights and work involving occasional reading, writing or viewing of a computer screen. (T. at 17, 21).

Moreover, the ALJ found that Plaintiff could not perform his past relevant work as a sorter, press worker and security guard, because it involved work, greater than at a light exertional level and he would have had to perform postural movements more than occasionally, and/or had to work around dangerous machinery. (T. at 14, 18, 21). However, the ALJ concluded that Plaintiff had the residual functioning capacity of performing significant ranges of light work at the sedentary level that existed in the national

economy, such as working as a sales attendant, counter attendant or a housekeeper. (T. at 19-20).

Based on the entire record, and including the medical evidence in the record, I find that the ALJ properly concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

### A. **The ALJ fulfilled his obligation to develop the record.**

Plaintiff argues that the medical testimony in the record was incomplete because the ALJ failed to recontact Dr. Jack Cukierman, Plaintiff's endocrinologist, regarding a statement he made on January 21, 2003. On January 21, 2003, Dr. Cukierman, in a letter to Dr. Lawrence Sinatra, recommended among other treatments that Plaintiff should "consider going on disability from work." (T. at 149). The record reveals that Dr. Cukierman wrote to Dr. Sinatra, Plaintiff's primary care physician, on March 18, 2002, and January 21, 2003, regarding recommendations for Plaintiff's treatment.

Plaintiff alleges that Dr. Cukierman's statement was ambiguous and needed clarification. (Pl. Br. at 8). Additionally, Plaintiff also claims that, the ALJ speculated in concluding that "[the statement] does not appear to be an opinion that claimant cannot perform any work, but that claimant cannot perform his job as a sorter that he was doing at the time." The Plaintiff claims that this interpretation is proof of the statement's ambiguity. (Pl. Br. at 8).

The Social Security Regulations provide that a treating physician need only be recontacted to seek additional evidence or clarification when the physician's report contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. §§ 404.1512(e)(1) and 416.912(e)(1).

The record does not contain any medical findings in support of Dr. Cukierman's statement and it essentially reflects Plaintiff's subjective complaints. (T. at 15, 18, 148). Additionally, Dr. Cukierman did not specifically state anywhere in his letter that Plaintiff was in fact disabled or could not perform work. Dr. Cukierman recommendation that Plaintiff should consider going on a disability from work as opposed to opining that Plaintiff is disabled and cannot work is a reasonable interpretation read in the context of the total report.

Moreover, the ALJ considered Dr. Steven Dina, Plaintiff's medical consultant's opinion who stated that Plaintiff's prognosis was fair and most of Plaintiff's problems were related to his hypoglycemia, which Plaintiff experienced only once or twice every six months. (T. at 182-85). On July 21, 2003, Dr. Dina found that Plaintiff had Type I diabetes and had secondary complications affecting his eye sight due to retinopathy. (T. at 182). Additionally, Dr. Dina found that Plaintiff's gait was normal, he

could walk on heels and toes without difficulty, he needed no help changing for examinations or getting on and off the examination table, there were no abnormalities in Plaintiff's chest and lungs and he had no motor or sensory deficits. (T. at 182-85).

I find that in light of the other medical evidence in the record, including Dr. Dina's opinion along with Dr. Cukierman's statement, the function of deciding the ultimate decision whether a person is under a disability within the meaning of the Social Security Act belongs to the Commissioner. I find that the ALJ gave appropriate weight and interpretation to all the medical evidence and there is no need for him to recontact Dr. Cukierman.

### B. **The ALJ properly evaluated Plaintiff's subjective complaints.**

The ALJ concluded that the "[Plaintiff's] assertions regarding debilitating subjective symptoms are not substantiated by the objective medical and other evidence in the record." (T. at 27). Plaintiff argues that the ALJ did not properly assess Plaintiff's subjective complaints and used Plaintiff's non-compliance with prescribed treatment to discount such complaints. (Pl. Br. at 9-10).

The Social Security Regulations provide that the issue of whether an application for benefits can be denied is based upon whether an individual, <u>despite</u> his disability should be denied benefits because he did not comply with treatment which would render him not disabled. 20 C.F.R. §§ 404.1530 and 416.930

(emphasis added). In the instant case, the ALJ did not find Plaintiff disabled and subsequently denied Plaintiff's applications for disability benefits. Therefore, Plaintiff's argument that the ALJ analyzed Plaintiff's non-compliance with prescribed treatment to render him not disabled, is unfounded.

Moreover, the ALJ did not make the finding that Plaintiff was non-complaint with his medications. It was Plaintiff's treating physician who stated that Plaintiff was non-complaint with his medications. (T. at 133, 135, 208). Additionally, Plaintiff himself stated that he did not keep his appointments with Dr. Sinatra because Dr. Sinatra made Plaintiff worry about his diabetic condition and Plaintiff was afraid to talk about it. (T. at 254).

Further, Plaintiff's subjective complaints were inconsistent with his claim of disability. Plaintiff's daily activities included riding a mountain bike for a mile and half, and socializing with friends, which were activities that did not support his complaints of inability to stand/walk for more than short periods of time. (T. at 252-53). Additionally, Plaintiff testified that he had numbness in his legs and feet, sleeplessness and nausea. (T. at 246). However, these symptoms were not documented in the Plaintiff's medical records, and in compliance with the Social Security Regulations, the ALJ did not rely on subjective symptomatology, alone, to establish a finding of disability. See 42 U.S.C. § 423(d)(1)(A).

Plaintiff also testified to monthly episodes of hypoglycemia yet reported to Dr. Dina that he had significant hypoglycemia only about one or two times every six months. (T. at 231, 182). The ALJ, therefore, correctly found that the medical evidence was inconsistent with Plaintiff's subjective complaints and he was not disabled within the meaning of the act. That finding was supported by substantial evidence in the record.

## **CONCLUSION**

For the reasons set forth above, I grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.


S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge


Dated:    Rochester, New York
          July 27, 2007